UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| KELLY SCHULTZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WINONA PAUP, a Minnesota individual,<br><br>Defendant. | NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

This case addresses a disturbing trend whereby realtors cold call consumers without consent violating the Telephone Consumer Protection Act. Plaintiff Kelly Schultz ("Schultz") brings this Class Action Complaint and Demand for Jury Trial against Defendant Winona Paup ("Paup") to stop the Defendant from violating the Telephone Consumer Protection Act by placing solicitation calls using a pre-recorded voice message and solicitation calls/texts *without consent* to consumers whose phone numbers are registered on the National Do Not Call registry ("DNC"). Plaintiff, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1. The Plaintiff is a resident of Zimmerman, Minnesota.

2. Defendant Paup is a realtor located in Maple Grove, Minnesota. Defendant places calls into this District.

## JURISDICTION AND VENUE

3. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant's wrongful conduct of calling the Plaintiff was directed to and received by Plaintiff in this District on Plaintiff's Minnesota area code cell phone number.

## INTRODUCTION

4. As the Supreme Court explained at the end of its last term, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

5. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

6. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. According to online robocall tracking service "YouMail," 4.62 billion robocalls were placed in February alone, at a rate of 165.1 million per day. www.robocallindex.com (last visited March 21, 2021).

11. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

12. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

13. Defendant places pre-recorded telemarketing calls to consumers without obtaining the necessary prior express written consent to place such calls.

14. Defendant also places calls and sends solicitation text messages to consumers who registered their phone number on the DNC without obtaining the necessary consent to place such calls/texts.

15. These solicitation calls and texts are placed/sent to generate business for Defendant's real estate agent business.

## PLAINTIFF'S ALLEGATIONS

16. Plaintiff registered her phone number on the DNC on March 25, 2017.

17. Plaintiff uses her phone for personal use only. It is not associated with a business.

18. On January 11, 2021 at 2:32 PM, Plaintiff Schultz received a call from Defendant from phone number 612-402-7572.

19. Plaintiff did not answer this call but a pre-recorded voice message was left on her voicemail stating:

> "Hi, this is Noni calling from Realty Group. Um, a while back you were looking for homes and you were on one of our Realty Group websites. And, it's been a while since

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

we reached out so I'm calling to see if you found a home or if you're still looking. My number is 612-402-7572. Again that's 612-402-7572.  So feel free to call or text me any time. Thanks."

20. 612-402-7572 is the phone number for Winona (Noni) Paup, a Realty Group real estate agent:

[3]

21. Plaintiff believes this voicemail was pre-recorded due to its generic nature, as the voicemail does not mention Plaintiff's name or anything specific about Plaintiff.

22. On February 3, 2021, Plaintiff received 2 nearly identical text messages from Defendant within seconds of each other.

23. The text messages were sent at 12:53 PM to Plaintiff's cell phone from 651-358-2249:

---

[3] https://realtygroupmn.com/maple-grove-team/noni-paup-licensed-real-estate-agent



24.     The 612-402-7572 phone number indicated in the text message is an number that identifies itself as Noni Paup.

25.     Plaintiff has never provided her phone number to Paup or any Realty Group real estate agent.

26.     The unauthorized solicitation telephone calls that Plaintiff received from Paup, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of her phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

27.     Seeking redress for these injuries, Plaintiff, on behalf of herself and Classes of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits calling a cell phone number using a pre-recorded voice

message without consent and unsolicited telemarketing calls to cellular telephones that are registered on the DNC.

## CLASS ALLEGATIONS

28. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Classes:

> **Pre-recorded Class**: All persons in the United States who from four years prior to the filing of this action through class certification Defendant called using a pre-recorded voice message for the same purpose that Defendant called Plaintiff.
>
> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of the Defendant) called and/or texted more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called and/or texted Plaintiff.

29. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

30. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

31. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a) whether Defendant Paup placed calls to Plaintiff and members of the Pre-recorded class using a pre-recorded voice message without first obtaining the prior express written consent that is necessary to make such calls;

(b) whether Defendant Paup systematically made multiple calls/sent text messages to Plaintiff and other consumers whose telephone numbers were registered with the DNC without first obtaining consent to make the calls/texts;

(c) whether Defendant Paup's calls and texts to Plaintiff and other consumers were made for telemarketing purposes;

(c) whether Defendant's conduct constitutes a violation of the TCPA;

(d) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

32. **Adequate Representation**: The Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. The Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor her counsel have any interest adverse to the Classes.

33. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to the Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to

obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Schultz and the Pre-recorded Class)**

34. Plaintiff repeats and reallege paragraphs 1 through 33 of this Complaint and incorporates them by reference.

35. Defendant made solicitation calls to Plaintiff and the other members of the Pre-recorded Class using a pre-recorded voice message.

36. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff and the other members of the Pre-recorded Class.

37. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1). As a result of Defendant's conduct, Plaintiff and the other members of the Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**SECOND CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Schultz and the Do Not Registry Class)**

38. Plaintiff repeats and realleges paragraphs 1 through 33 of this Complaint and incorporates them by reference.

39. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

40. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this

subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

41. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

42. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

43. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

44. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff individually and on behalf of the Classes, prays for the following relief:

45. An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing her attorneys as Class Counsel;

46. An award of actual and/or statutory damages and costs;

47. An order declaring that Defendant's actions, as set out above, violate the TCPA;

48. An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

49. Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

        Respectfully Submitted,

        **KELLY SCHULTZ**, individually and on behalf of those similarly situated individuals,

DATED this 5th day of April, 2021.

        By: /s/ *Ryan Peterson*
        Ryan Peterson
        Peterson Legal, PLLC
        5201 Eden Avenue, Suite 300
        Edina, MN 55436
        ryan@peterson.legal
        Telephone: (612) 367-6568

        Rachel E. Kaufman*
        rachel@kaufmanpa.com
        KAUFMAN P.A.
        400 NW 26th Street
        Miami, FL 33127
        Telephone: (305) 469-5881

        *Attorneys for Plaintiff and the putative Class*

        **Pro Hac Vice motion forthcoming*